IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 10-cv-02183-WYD-BNB

THOMAS O'NEILL,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendant.

## ORDER OF REMAND

THIS MATTER comes before the Court on Plaintiff's Motion to Remand filed September 13, 2010. A response to the motion was filed on October 1, 2010, and a reply was filed on October 6, 2010. For the reasons stated below, Plaintiff's Motion to Remand is granted.

By way of background, this action arises out of Plaintiff's claim made to Defendant for alleged damages caused to Plaintiff's residence by wind and hail. The Complaint alleges damages based on breach of contract, breach of the duty of good faith and fair dealing and violations of Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116. Plaintiff claims he is entitled to certain benefits under a residential insurance policy and asserts that Defendant has failed to timely pay such benefits or adequately reimburse Plaintiff for his purported losses.

Defendant filed a Notice of Removal from state court on September 17, 2010. Plaintiff's motion seeks to remand this case on the basis that Defendant failed to

establish that the amount in controversy exceeds $75,000 as required to establish diversity jurisdiction by either reference to the Complaint or affirmatively in the Notice of Removal filed September 7, 2010. Indeed, Plaintiff argues that it is not possible to determine from the Complaint the amount of damages being sought and that Defendant improperly relies on the civil cover sheet from the state court case to establish the amount in controversy.

Defendant argues in response that removal was appropriate as it is facially apparent that the amount in controversy exceeds $75,000 and Plaintiff refuses to stipulate that the amount in controversy does not exceed that amount. Defendant further asserts that in determining the amount in controversy, it did not merely rely on the civil cover sheet. Defendant also relied upon the allegations in Plaintiff's Complaint and the statutes pursuant to which Plaintiff has sought relief which authorize a recovery of twice the amount of the covered benefit and attorney fees. In this case, Defendant states that Plaintiff submitted multiple estimates to Defendant regarding the purported damage to his residence which is claimed to total over $60,000. Further, Plaintiff has asked for two times the amount of the covered benefit in addition to any other amounts recovered by Plaintiff pursuant to Colorado statute. Defendant asserts that these claims alone demonstrate that Plaintiff is seeking damages in excess of $75,000.

Turning to my analysis, the amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). If the jurisdictional

amount is not shown by the allegations of the complaint, "[t]he burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000].'" *Laughlin*, 50 F.3d at 873 (quotation omitted).  In other words, the amount in controversy must be affirmatively established on the face of either the petition or notice of removal. *Id*.  The removal statute is construed narrowly.  *Martin*, 251 F.3d at 1289.

In this case, while Defendant asserts that it is facially apparent that the amount in controversy exceeds $75,000, I do not agree.  First, the Complaint does not state the amount of damages sought or the amount of the claims for which Plaintiff seeks reimbursement, and thus does not facially show that the amount in controversy is in excess of $75,000.  Second, while Defendant's response brief provides details regarding the amounts of claims it received from Plaintiff (over $60,000) and asserts that the amount in controversy is established since Plaintiff is seeking double that amount pursuant to Colorado statutes cited in the Complaint as well as other damages, this is not established in the Notice of Removal, as required by law.

Defendant's reliance in the Notice of Removal on the civil cover sheet filed in state court is also not sufficient to establish that the jurisdictional amount is satisfied.  Cases from this Court hold that reliance solely on the civil cover sheet filed in state court to establish the jurisdictional amount is insufficient, and I incorporate their reasoning herein.  *See TIC-The Indus. Co. v. Liberty Mut. Ins. Co.*, No. 09-cv-00402-JLK-KMT, 2009 WL 535815, at *1 (D. Colo. 2009) (Judge Kane); *Asbury v. American Family Mut. Ins. Co.*, No. 08-cv-01522-REB-CBS, 2009 WL 310479, at *1 (D. Colo. 2009) (Judge

Blackburn); *Baker v. Sears Holding Corp.*, 557 F. Supp. 2d 1208, 1215 (D. Colo. 2007) (Judge Krieger); *Ralph v. SNE Enterprises, Inc.*, No. 07-cv-01163-WDM-MJW, 2007 WL 1810534, at *1 (D. Colo. 2007) (Judge Miller); *Hardin v. Sentinel Ins. Co., Ltd.*, 490 F. Supp. 2d 1134, 1135-36 (D. Colo. 2007); *Bishelli v. State Farm Mut. Automobile Ins. Co.*, No. 07-cv-00385-WYD-MEH, 2007 WL 1455852, at *3 (D. Colo. 2007).

As Judge Krieger noted in a detailed analysis of the issue, the Colorado Civil Cover Sheet is neither a pleading nor an exhibit and does not constitute reliable evidence of the amount in controversy. *Baker*, 557 F. Supp. 2d at 1215. Further, she found that the Civil Cover Sheet is too imprecise to make the required demonstration of the amount in controversy. *Id.* I agree with this analysis. Guided by the strong presumption against removal of civil actions to federal court based on diversity jurisdiction, I find that Defendant has not established subject matter jurisdiction over this action and the case must be remanded. *See* 28 U.S.C. § 1447(c). Accordingly, it is

ORDERED that the Clerk of Court is directed to **REMAND** this action to the District Court, County of Jefferson, State of Colorado.

Dated: October 14, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge